IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-02264-MSK-OES

INTERNATIONAL HOUSE OF PANCAKES, INC., a Delaware corporation, and
IHOP PROPERTIES, INC., a California corporation,

      Plaintiffs,

v.

ISAM A. KHANFAR, an individual, and
1820, Inc., a Colorado corporation,

      Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO CONSOLIDATE AND MOTION TO DISMISS AND GRANTING MOTION TO AMEND**

_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Consolidate Cases **(# 5)**, the Plaintiffs' Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction and to Compel Arbitration **(# 7)**, and the Plaintiffs' reply[1] **(# 10)**; the

---

[1] The posturing of this motion has caused the Court some confusion. The docket does not reflect that the Defendants filed a response, although the Plaintiffs' reply expressly refers to one. A clue may be found in the fact that the Plaintiffs' reply bears the case number of this action, but the caption of a related case, in which the parties' relative positions are switched. It would appear that the Defendants' response to the Plaintiff's Motion to Dismiss Counterclaims was filed only under the related case number, not this case. In any event, the Court has previously reviewed the Defendant's filing in the related case in conjunction with this motion.

1

Plaintiffs' Motion to Amend the Complaint **(# 9)**, the Defendant's response **(# 11)**, and the Plaintiffs' reply **(# 12)**; and the Defendants' Motion for Entry of the Scheduling Order **(# 13)**.

With regard to the Motion to Consolidate, the Court recently dismissed the related case, 04-MK-2077, in favor of hearing all claims as part of this action. Thus, the Motion to Consolidate is denied as moot.

Similarly, the Court's April 25, 2005 Order in case no. 04-MK-2077 effectively disposes of the Plaintiffs' Motion to Dismiss Counterclaims and to Compel Arbitration here. The Court incorporates the salient portions of that Order by reference as if set forth herein.

Next, the Court turns to the Plaintiffs' Motion to Amend the Complaint. The Plaintiffs seek to amend the Complaint to dismiss all claims for relief except the unlawful detainer claim under state law. The expressed intent of the Plaintiffs is to remove any basis for federal subject matter jurisdiction and permit the action to be remanded to El Paso County for further proceedings.[2] The Defendants object to the proposed amendment, contending that the amendment is merely an effort by the Plaintiffs to sidestep an apparent waiver of the arbitration provision in the franchise agreement. However, since this issue was briefed, the Court has found

---

[2] It is not clear to the Court how such an amendment would permit remand. Although the Court would lose subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, the allegations in the Second Amended Complaint indicate that the Plaintiffs are citizens of California and Delaware, while the Defendants are citizens of Colorado. Given the parties' prior submissions with regard to the value of the franchise, it would appear that all of the requirements necessary for the Court to exercise subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 are present. Nevertheless, because the Plaintiffs have specifically stated that they do not intend to seek remand at this time, the Court will not consider the issue further.

that the arbitration clause does not apply to this matter, and thus, whatever effect amendment might have on the arbitration question is irrelevant. The Defendants cite no other basis for opposing the proposed amendment. Leave to amend a pleading is to be "freely granted." Fed. R. Civ. P. 15(a). The Court should only deny leave to amend where it finds bad faith, undue delay resulting in prejudice, or where the new claims sought to be added are futile. *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these conditions are present with regard to the Plaintiffs' motion, and thus, the Court will grant the Plaintiffs' proposed amendment. The Plaintiffs shall file the Second Amended Complaint with the Court within 3 days of the date of this Order, and the Defendants shall respond as directed by Fed. R. Civ. P. 15(a).

Finally, the Court turns to the Defendants' request that the Court revive the Scheduling Order from 04-MK-2077, and impose it in this action so as to facilitate ongoing discovery. The Court notes that, since the Defendants filed that motion, the case has been referred to Magistrate Judge Schlatter, and a Scheduling Conference before Judge Schlatter is set for September 8, 2005. Having reviewed the Scheduling Order entered in 04-MK-2077, the Court notes that one date– the discovery cutoff of September 1, 2005– would pass before Judge Schlatter conducts the Scheduling Conference in this case. So as not to usurp the discretion of Judge Schlatter, this Court will not impose the prior Scheduling Order on this case. However, pending the Scheduling Conference and entry of a Scheduling Order by Judge Schlatter, the parties shall continue to

participate in discovery in this action, and shall deem all discovery requests and responses produced in 04-MK-2077 to also be requested and produced in this case.

Accordingly, the Defendants' Motion to Consolidate Cases **(# 5)** is **DENIED AS MOOT**. The Plaintiffs' Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction and to Compel Arbitration **(# 7)** is **DENIED**. The Plaintiffs' Motion to Amend the Complaint **(# 9)** is **GRANTED**, and the Plaintiffs are directed to file the Second Amended Complaint within 3 days of the date of this Order; the Defendants shall respond to that Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a). The Defendants' Motion for Entry of the Scheduling Order **(# 13)** is **DENIED**, subject to the conditions contained herein.

Dated this 15th day of July, 2005.

                                      **BY THE COURT:**

                                      *[signature: Marcia S. Krieger]*

                                      Marcia S. Krieger
                                      United States District Judge