IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02264-MSK-MEH

INTERNATIONAL HOUSE OF PANCAKES, INC., a Delaware corporation, and
IHOP PROPERTIES, INC., a California corporation,

    Plaintiffs/Counter Defendants,

v.

RAGHDA ALBARGHOUTHI, as Personal Representative
of the Estate of Isam A. Khanfar, and
1820, INC., a Colorado corporation,

    Defendants/Counter Claimants.

_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
UNOPPOSED MOTION FOR RECONSIDERATION OF MOTION TO SEAL**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Unopposed Motion for Reconsideration **(# 156)** of this Court's March 9, 2007 Order **(# 152)** denying the Defendants' Motion to Seal **(# 144)** certain summary judgment exhibits. Familiarity with the prior proceedings is assumed.

The Plaintiffs represent that the purpose for which the Defendants have tendered Docket # 145 and 146 is to show "that franchisees with 'Arab sounding names' are granted permission to transfer their franchises less frequently than are those with non-Arab sounding names, and . . . that franchisees with 'Arab sounding names' are more often issued Notices of Default than others."

*Docket* # 156 at 2-3. The Defendants have not disputed the Plaintiffs' characterization of the relevance of these exhibits.[1]

Given the relatively narrow purpose for which the Defendants offer Docket # 145 and 146, the Court finds that the tendered exhibits contain a surplusage of private information that is irrelevant. For example, Docket # 145 contains not only a list of other franchisees whose requests for transfer were approved – the only purpose for which the Defendants offer the exhibit – but also information such as the location and sale price of the franchise, and the Plaintiffs' comments regarding aspects of each proposed transfer. Docket # 146 not only contains the names of individuals who have been issued Notices of Default  – again, the only information for which the Defendants cite to the exhibit – but also information as to the date of the Notice, the location of the franchise, and the nature of the violation. Pursuant to Fed. R. Evid. 402 and 403, the Court finds that the extent of the irrelevant information in these documents vastly outweighs the extent to which the documents are relevant. As a result, the Court directs that the documents be **Stricken.** Because the documents are stricken, the Plaintiffs' motion requesting reconsideration of the denial of the motion to seal is moot.

The Court recognizes that a small portion of the stricken exhibits is relevant to the arguments of the Defendants for summary judgment. Although the Court urged the parties to confer in an attempt to find a mutually-acceptable way to redact the exhibits so as to

---

[1] The Court has reviewed the Defendants' Response (**# 142**) to the Plaintiff's Motion for Summary Judgment, which references Docket # 145 only by stating "An internal IHOP log shows that, in contrast to IHOP's harsh treatment of Khanfar, the Franchisor works cooperatively with other franchisees who want to sell their franchises to third parties." *Docket* # 142 at 15. Contrary to the Defendants' representation in the instant motion, this appears to be an argument only that Mr. Khanfar was treated differently from all other franchisees who sought a transfer, not that Arab-American franchisees have been treated differently from non-Arab-American franchisees.

accommodate the Defendants' interests in presenting relevant evidence, the Plaintiffs' interest in withholding private information, and the public's interest in evaluating the Court's findings and conclusions, the parties report that they were unable to reach an agreement. Since they reached no agreement, they renew a joint request that the Court simply place the exhibits under seal. The Court has no reason to doubt the sincerity of the parties' efforts to reach a compromise, but finds that their proposed solution of sealing the documents gives no credence whatsoever to the strong public interest in open access to judicial records. Just as an agreement of the parties does not, alone, justify sealing otherwise public pleadings, the inability of the parties to agree to redact irrelevant information from documents does not justify sealing them.

The Defendants are free to file new exhibits that contain the names of franchisees which are relevant to their argument that franchisees with "names of Arab-American ancestry" are subjected to harsher treatment than other franchisees. Because the Defendants' arguments turn only on the apparent ethnicity of the various franchisees' names, redaction of the two tendered exhibits to exclude <u>everything</u> but the franchisees' names will not prejudice the Defendants.[2] Such redaction would also ameliorate most of the Plaintiffs' privacy concerns. Finally, the public's interest in the evidence that is presented to and considered by the Court is protected.

Accordingly, Docket # 145 and 146 are **STRICKEN**. The Plaintiffs' Motion for Reconsideration **(# 156)** is **DENIED AS MOOT**. The Defendants may, within 5 days of the date

---

[2]With regard to proposed franchise transfers, whether or not the transfer was finally approved by the Plaintiffs might also be relevant information. However, the Court notes that Docket # 145, the listing of proposed franchise transfers, does not clearly indicate which of the listed requests were finally approved or disapproved. Because the exhibit relied upon by the Defendants does not clearly identify approved and disapproved transfer requests, a requirement that the Defendants file a redacted exhibit that also lacks such information causes the Defendants no prejudice.

of this Order, refile the identified exhibits in a redacted form, removing <u>all</u> information other than the franchisees' names (or such other information as the parties may stipulate to also being included in a publicly-available filing).  Such documents shall not be sealed.

Dated this 5th day of April, 2007

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge